UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

KENNETH O. LEWIS,
        *Defendant-Appellant.*

No. 00-4411

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-99-126)

Submitted: December 29, 2000

Decided: January 24, 2001

Before WILKINS, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Christopher L. Anderson, GOODMAN, WEST & FILETTI, P.L.L.C., Glen Allen, Virginia, for Appellant. Robert E. Trono, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth O. Lewis appeals the district court's order revoking his supervised release and sentencing him to twenty-four months' imprisonment. Lewis' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal, but raising one issue of whether the district court abused its discretion by imposing a sentence greater than the term of imprisonment for the original offense. Lewis has been notified of his right to file a pro se supplemental brief but has not done so. The Government elected not to file a responding brief. Finding that the issue raised by counsel is without merit and discerning no other error in the record below, we affirm.

This court reviews for abuse of discretion the district court's order imposing a sentence after revocation of supervised release. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993). The district court may revoke a defendant's term of supervised release if it finds by a preponderance of the evidence that he violated the terms of release. 18 U.S.C.A. § 3583(e)(3) (West 2000). Lewis admitted to the two violations of supervised release stated in the Petition on Supervised Release when he pled guilty. There is nothing in the record to support a finding that Lewis' guilty plea was not knowing and voluntary, nor does he make this allegation.

Under 18 U.S.C.A. § 3583(e)(3), the district court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in imposition of the term of supervised release without granting credit for time previously served on post-release supervision. Therefore the district court did not abuse its discretion because it imposed a sentence authorized by the revocation statute.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible

issues presented by this record and concluded that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*